UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| ADRIAN D. MADDOX, | ) | CASE NO. 1:12 CV 1828 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| CITY OF SHAKER HEIGHTS, | ) | **& ORDER** |
| OHIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Adrian D. Maddox filed this action under 42 U.S.C. § 1983 against the City of Shaker Heights, Ohio and Shaker Heights Police Officers Michael Rowe, Parker Adrine, Pat Carlozzi, and Steven Selby. In the Complaint, plaintiff alleges violations of his constitutional rights arising out of defendants' allegedly illegal search and seizure of his person and property. He also alleges state law claims for deliberate indifference, negligence, and intentional infliction of emotional distress. Plaintiff seeks monetary relief.

### I. Background

Plaintiff is a state prisoner, incarcerated at Marion Correctional Institution in Marion, Ohio.

1

He claims that, on December 27, 2010, he was stopped on the street by Shaker Heights Police Officers and advised that a break-in had occurred at a business located on Larchmere Road, approximately one mile away. The officers asked plaintiff for identification, frisked him, and let him go. Three days later, defendants Selby, Carlozzi, and Adrine arrived at plaintiff's apartment. After plaintiff unlocked the door, defendants pushed inside with "pistols drawn and pointed at" plaintiff. (Doc. 1 at 7).

Defendants handcuffed plaintiff and proceeded to search his apartment. Plaintiff claims defendants Adrine and Carlozzi searched his bedroom for approximately 8 to 10 minutes and confiscated a jacket, boots, and a brown gym bag containing unidentified evidence from the break-in. Defendant Selby advised plaintiff that the jacket he had been wearing on December 27th was similar to the coat worn by the perpetrator of the break-in. (Doc. 1 at 8 - 10).

Plaintiff was then transported to the Shaker Heights Police Department. He claims he was denied a telephone call for over twenty-four hours and was not read his Miranda rights or shown a copy of either an arrest or search warrant. While at the Police Department, plaintiff spoke with defendant Rowe. According to plaintiff, defendant Rowe "told him property would be seized from him and that to expedite the properties [sic] return it would be best for Maddox to plead guilty." (Doc. 1 at 10). Plaintiff claims defendants confiscated over $8,000 in unidentified personal property from him, none of which "had any criminal liability." (Doc. 1 at 11).

Plaintiff was transported to the Cuyahoga County Jail on December 31, 2010. He was thereafter indicted on one count of vandalism, one count of breaking and entering with the intent to commit a theft offense, and one count of theft of property worth less than $500, in connection with the Larchmere Road break-in. *See State v. Maddox*, 2012 WL 424907 at *1 (Ohio App. 8th

2

Dist. Feb. 9, 2012). On February 10, 2011, plaintiff pled guilty to the vandalism and breaking and entering charges and the state nolled the remaining theft charge. *Id.* He was released on bond on February 14, 2011. The next day, plaintiff claims he went to the Shaker Heights Police Department to retrieve his property. Defendant Selby returned plaintiff's wallet and keys but allegedly advised plaintiff that he would not receive the rest of his property. Defendant Selby also informed plaintiff that his car had been impounded. Plaintiff alleges it cost nearly $1,000 to get his car from impound, which he could not afford. Plaintiff then filed a formal complaint with the Shaker Heights Chief of Police regarding the search of his apartment and confiscation of his property. (Doc. 1 at 11-12).

The state trial court conducted plaintiff's sentencing hearing on March 22, 2010. Prior to that hearing, plaintiff filed a *pro se* motion to withdraw his guilty plea arguing, among other things, that the police had threatened he would lose his car, television, and other property unless he pled guilty. *See State v. Maddox*, 2012 WL 3629760 at *1 (Ohio App. 8th Dist. Aug. 20, 2012). At the sentencing hearing, the trial court heard arguments regarding plaintiff's *pro se* motion and denied it. The court then sentenced plaintiff to an aggregate two-year term of imprisonment. *See State v. Maddox*, 2012 WL 424907 at *1.[1]

In April 2011, plaintiff received a letter from the Shaker Heights Police Department informing him he had ninety (90) days to retrieve his personal property or it would be considered abandoned and thereafter destroyed or sold at public auction. Plaintiff was, by that time,

---

[1] Plaintiff timely appealed. On February 9, 2012, the state appellate court affirmed his conviction and sentence. *See State v. Maddox*, 2012 WL 424907 (Ohio App. 8th Dist. Feb. 9, 2012). Plaintiff appealed and the Ohio Supreme Court thereafter declined jurisdiction. *See State v. Maddox*, 131 Ohio St.3d 1543 (2012). Plaintiff thereafter filed an Application to Reopen his Appeal pursuant to Ohio App. R. 26(B). The state appellate court denied his Application on August 20, 2012. *See State v. Maddox*, 2012 WL 3629760 (Ohio App. 8th Dist. Aug. 20, 2012).

incarcerated and unable to retrieve his property himself or find someone else to pick it up. According to plaintiff, the City of Shaker Heights thereafter filed forfeiture forms for all of the personal property confiscated from his apartment. (Doc. 1 at 12).

On August 9, 2011, plaintiff received a letter from the Shaker Heights Chief of Police D. Scott Lee in response to his complaint. This letter indicated that defendant Rowe had investigated his complaint and found that the search of his apartment "was thoroughly documented and that the search warrant served and the search conducted at your apartment were lawful." (Doc. 1-1). Chief Lee further noted that "the search warrant was reviewed by the City's Prosecutor before being signed by a judge." (Doc. 1-1). Finally, the letter states:

> It has also come to my attention that we have in our possession property which was confiscated during the search that is lawfully yours. On two separate occasions, Lieutenant Jeffrey DeMuth and our Property Custodian Andrew McMillin have notified you that you need to advise us who will pick up this property within ninety (90) days or the property will be considered abandoned property and will be destroyed or sold at public auction.

(Doc. 1-1).

Plaintiff filed the instant Complaint on July 17, 2012. He claims defendants violated his Fourth Amendment rights when they illegally searched his apartment, seized his property and arrested him without probable cause. Plaintiff also claims defendants violated his due process rights when they coerced him into pleading guilty by threatening to withhold his confiscated property, held his property until after he was incarcerated and then gave him a deadline to retrieve his belongings, and towed his automobile "which was legally parked off his property and had no criminal liability." (Doc. 1 at 14). Plaintiff also raises state tort claims for deliberate indifference, negligence, and intentional infliction of emotional distress. He seeks monetary relief.

4

## II. Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[2] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

---

[2] An *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985).

pleading standard. *Id.* In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Analysis

#### A. Section 1983 Claims

To set forth a cognizable § 1983 claim, plaintiff must establish that (1) he was deprived of a right secured by the Constitution or the laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet County Dep't of Soc. Services*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail. *Simescu*, 942 F.3d at 375. The Court will consider each of Plaintiff's federal claims within this legal context.

##### 1. Illegal Search and Seizure of his Person and Property

Plaintiff claims defendants violated his Fourth Amendments rights against unreasonable searches and seizures because they searched his apartment, seized his property, and arrested him without a warrant or probable cause.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause. . . " U.S. CONST., AMEND. IV. As the Supreme Court recently explained, "[t]he text of the Amendment thus expressly imposes two requirements. First, all searches and seizures must be reasonable. Second, a warrant may not be issued unless probable cause is properly established and the scope of the authorized search is set out with particularity." *Kentucky v. King*, 131 S.Ct. 1849, 1856 (2011).

Although the Fourth Amendment does not specify when a warrant must be obtained, the Supreme Court has "inferred that a warrant must generally be secured." *Id.* Thus, "[i]t is a 'basic principle of Fourth Amendment law' that searches and seizures inside a home without a warrant are presumptively unreasonable." *Payton v. New York*, 445 U.S. 573, 586 (1980)(quoting *Coolidge v. New Hampshire*, 403 U.S. 443, 477 (1970)). *See also Welsh v. Wisconsin*, 466 U.S. 740, 748 (1984) ("It is axiomatic that the physical entry of the home is the chief evil against which the wording of the Fourth Amendment is directed"); *Cummings v. City of Akron*, 418 F.3d 676, 685 (6th Cir. 2005) (same). However, this presumption may be overcome in some circumstances because "[t]he ultimate touchstone of the Fourth Amendment is 'reasonableness.'" *King*, 131 S.Ct. at 1856.

In the instant case, plaintiff alleges defendants entered and searched his apartment without a search warrant. (Doc. 1 at 4, 14). The documents attached to the Complaint, however, indicate defendants obtained a search warrant authorizing the December 30, 2010 search of plaintiff's apartment and that this warrant was reviewed by the City prosecutor and authorized by a Judge. (Doc. 1-1). According to plaintiff's own pleadings, then, defendants did not conduct a warrantless search of his home.

Plaintiff maintains generally that defendants lacked probable cause to search his apartment. Under the Fourth Amendment, no search warrant shall issue without probable cause. *Marcilis v. Township of Redford*, 693 F.3d 589, 600 (6th Cir. 2012). Probable cause exists "where there is a 'fair probability' or 'reasonable grounds for belief' that police will find evidence of a crime at the location of the proposed search." *Id.* (quoting *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006)). Here, plaintiff fails to provide any factual allegations to support his assertion that the defendants lacked probable cause to search his apartment. Under *Twombly* and *Iqbal, supra*, a

7

plaintiff is not required to prove his claim in his Complaint, but he must plead factual allegations that are sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. It is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. Rather, legal conclusions "must be supported by factual allegations." *Id.*

The Court finds the Complaint in the instant case fails to contain sufficient factual matter to state a plausible claim that defendants lacked probable cause to search plaintiff's apartment. Other than asserting generally that defendants lacked probable cause, plaintiff provides no information to suggest that defendants did not have reasonable grounds for believing plaintiff had been involved in the Larchmere Road break-in. To the contrary, plaintiff expressly alleges that defendant Selby informed him that the coat plaintiff had been wearing when he was stopped on December 27th was similar to the coat worn by the suspect in the Larchmere break-in. (Doc. 1 at 10). In light of the above, the Court finds the Complaint fails to state a Fourth Amendment claim insofar as it is premised upon an illegal search of plaintiff's apartment.

Plaintiff also claims defendants violated his Fourth Amendment rights because they lacked probable cause to seize his property. As set forth above, the documents attached to plaintiff's Complaint indicate that defendants searched plaintiff's apartment pursuant to a search warrant. (Doc. 1-1). The Sixth Circuit has found that items to be seized pursuant to a search warrant must be described with particularity. *Marcilis*, 693 F.3d at 601. However, "even evidence not described in a search warrant may be seized if it is reasonably related to the offense which formed the basis for the search warrant." *Id.* at 601-02 (quoting *United States v. Wright*, 343 F.3d 849, 863 (6th Cir. 2003)).

Here, plaintiff claims generally that defendants confiscated "over $8,000 in [his] personal property" and that "none of the seized property had any criminal liability." (Doc. 1 at 11). He states defendants seized a jacket, a pair of boots, and a brown gym bag with "alleged evidence from the break-in." (Doc. 1 at 10). He also claims defendants impounded his car, which he claims was "parked off of his property and had no criminal liability." (Doc. 1 at 14). Plaintiff provides no further factual allegations regarding this claim.

The Court finds the Complaint in the instant case fails to contain sufficient factual matter to state a plausible claim that defendants lacked probable cause to seize plaintiff's property. Given that the suspect in the Larchmere break-in wore clothing similar to plaintiff's, the Court finds it was not unreasonable for defendants to seize plaintiff's jacket and boots. While plaintiff claims generally that the evidence in the gym bag and other seized property was not related to the Larchmere break-in, he does not provide any allegations explaining this assertion. Plaintiff does not clearly identify any additional personal property confiscated by defendants, nor does he set forth any allegations suggesting such property was unrelated to the break-in.

The only specific allegation in the Complaint on this issue is plaintiff's claim that defendants unlawfully impounded his car. Assuming the impoundment of plaintiff's vehicle constitutes a "seizure" within the meaning of the Fourth Amendment, the Court finds plaintiff has failed to set forth sufficient factual allegations suggesting defendants' decision to impound his vehicle was unreasonable. Plaintiff's only allegations regarding this issue are that "the defendants towed the plaintiff's auto which was legally parked off of his property and had no criminal liability." (Doc. 1 at 14). No other factual allegations are provided. While a police officer's decision to impound a vehicle can constitute an illegal seizure under the Fourth Amendment under

certain circumstances, plaintiff fails to cite any facts suggesting that the impoundment of *his* vehicle was unreasonable. Most notably, the Complaint does not provide any factual allegations regarding where plaintiff's vehicle was located at the time it was towed or whether other alternatives to impoundment might have been readily available. Rather, the Complaint simply alleges that defendants impounded plaintiff's vehicle after he was arrested.

The Court finds these allegations to be insufficient to state a claim under the Fourth Amendment. The Sixth Circuit has upheld police officers' exercise of discretion to impound vehicles in the absence of evidence that the officers acted "in bad faith or for the sole purpose of investigation." *See United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994) (holding that "the police lawfully exercised their discretion in deciding to impound the [defendant's] vehicle in the absence of any licensed driver to attend to it," where "neither [the defendant] nor the other passenger could produce a driver's license") (citing citing *Colorado v. Bertine*, 479 U.S. 367, 372 (1987)). *See also Reid Machinery, Inc. v. Lanzer*, 2010 WL 4643305 at * 4 (6th Cir. Nov. 18, 2010) (noting that "[t]he Fourth Amendment permits impoundment decisions . . . that are objectively justifiable . . . regardless of an officer's subjective intent"); *United States v. Kimes*, 246 F.3d 800, 805 (6th Cir. 2001) (finding that "[d]iscretion as to impoundment is permissible 'so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity'").

In the instant case, plaintiff has failed to set forth any factual allegations suggesting defendants' decision to impound his vehicle was in bad faith or otherwise unreasonable. Accordingly, the Court finds the Complaint fails to state a Fourth Amendment claim insofar as it is premised upon the illegal seizure of plaintiff's property.

Finally, plaintiff claims defendants violated his Fourth Amendment rights when they arrested him without a warrant. To prevail on a claim under § 1983 for wrongful arrest, a plaintiff must prove the arresting officer lacked probable cause to believe he committed the crime charged. *See Brooks v. Rothe*, 577 F.3d 701, 706 (6th Cir. 2009); *Fridley v. Horrighs*, 291 F.3d 867, 872 (6th Cir. 2002). "Probable cause necessary to justify an arrest is defined as 'whether at that moment the facts and circumstances within [the officers'] knowledge and of which they had reasonably trustworthy information were sufficient to warrant a prudent man in believing that the [arrestee] had committed or was committing an offense." *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 302 (6th Cir. 2005) (quoting *Beck v. Ohio*, 379 U.S. 89, 91 (1964)).

Plaintiff claims generally that defendants lacked probable cause to arrest him but fails to set forth any factual allegations suggesting why this is so. As set forth above, it is not sufficient to plead "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. In the absence of any factual allegations suggesting it was unreasonable for defendants to believe plaintiff had committed the Larchmere break-in, the Court finds the Complaint fails to state a claim under the Fourth Amendment for wrongful arrest.

Accordingly, and for all the reasons set forth above, the Court finds plaintiffs' Fourth Amendment claim fails to state a claim upon which relief may be granted and is, therefore, subject to summary dismissal pursuant to § 1915(e).[3]

---

[3] Moreover, to the extent a judgment on the merits of plaintiff's Fourth Amendment claims would affect the validity of his conviction or sentence, those claims are barred under *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In that case, the Supreme Court held that a prisoner may not raise claims in a civil rights action if a judgment on the merits of those claims would affect the validity of his conviction or sentence, unless the conviction or sentence has been set aside. Plaintiff herein has not demonstrated that his conviction or sentence has been set aside.

2.  **Due Process Claims**

Plaintiff alleges defendants violated his due process rights under the Fourteenth Amendment when they seized his personal property and impounded his vehicle. It is unclear from the Complaint whether plaintiff intends to assert a claim for procedural due process, substantive due process, or both. Construing the *pro se* Complaint liberally, the Court will address each of these potential claims.

The Fourteenth Amendment provides, in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. CONST., AMEND. XIV, § 1. Courts undertake a two-step analysis when considering claims for the violation of due process rights. *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004). The first step determines whether plaintiff has a liberty or property interest entitled to due process protection. *Id.* If plaintiff has such a protected interest, a court must then determine "what process is due." *Id.*

To prevail on a procedural due process claim, plaintiff must plead and prove either that (1) he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) defendant deprived him of property pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation of property. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). *See also Mitchell*, 375 F.3d at 484. A plaintiff alleging the first element of this test would not need to demonstrate the inadequacy of state remedies. *Warren v. City of Athens, Ohio*, 411 F.3d 697, 709 (6th Cir. 2005). If the plaintiff pursues the second line of argument, "he must navigate the rule of *Parratt v. Taylor*, 451 U.S. 527, 539, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), which holds that a state may satisfy procedural due process with only an adequate postdeprivation procedure when the state action was 'random and unauthorized.'"

*Id.* In this context, "unauthorized" means that the official in question did not have the power or authority to effect the deprivation. *Id.*

There is nothing in the Complaint that suggests plaintiff herein is challenging an established state procedure, statute, or local ordinance. Instead, it appears he is asserting that he was deprived of his property due to defendants' random and unauthorized acts. Thus, plaintiff must plead and prove that "available state remedies would not be adequate to redress the deprivation of property." *Macene*, 951 F.2d at 706. Plaintiff herein has not set forth factual allegations suggesting available state remedies would not be adequate to challenge the confiscation of his property. According to the documents attached to the Complaint, the City of Shaker Heights repeatedly notified plaintiff that his personal property was available for pick up and provided him with the information necessary to arrange the retrieval of his property from the Shaker Heights Property Room. (Doc. 1-1). Although plaintiff alleges he was unable to retrieve his property due to his incarceration, this is insufficient to suggest that he lacks an adequate state remedy. Moreover, a remedy is still available to plaintiff in the Ohio Court of Claims. *See* Ohio Rev. Code §§ 2743.02, 2743.03. Plaintiff does not allege that this remedy would be inadequate to address his concerns, or that he attempted this remedy and found it insufficient in some material respect. Absent such an allegation, the Court finds plaintiff has not stated a procedural due process claim.

To the extent plaintiff intends to assert a substantive due process claim, it too is subject to dismissal pursuant to § 1915(e). There are two types of substantive due process claims. The first includes claims that involve official acts which are unreasonable, arbitrary, and cause a deprivation of a substantive right specified in the Constitution or a federal statute. *See Mertik v. Blalock*, 983 F.2d 1353, 1367 (6th Cir. 1993); *Parate v. Isibor*, 868 F.2d 821, 831 (6th Cir. 1989). The Court finds

13

plaintiff has failed to set forth sufficient factual allegations in the Complaint to satisfy this type of substantive due process claim.

The second type of substantive due process claim is directed at official acts that "so shock the conscience" that they are unconstitutional regardless of the procedural protections provided. *Parate*, 868 F.2d at 832. A citizen does not suffer a constitutional deprivation every time he is subjected to some form of harassment or unfavorable treatment by a state agent. *Id.* Rather, the conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id.* The Court finds there are no facts presented in the Complaint to suggest that defendants' actions meet this extreme standard.

Accordingly, and for all the reasons set forth above, the Court finds plaintiff's due process claims fail to state claims upon which relief may be granted and are subject to summary dismissal pursuant to § 1915(e).

**B.    State Law Claims**

Inasmuch as plaintiff's federal claims cannot survive, this Court declines to exercise supplemental jurisdiction over plaintiff's state law claims in this case pursuant to 28 U.S.C. § 1367(c). Supplemental jurisdiction is governed by 28 U.S.C. § 1367, which includes an explicit provision permitting the district court to decline to exercise supplemental jurisdiction when that court has dismissed all of the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3); *Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction). Accordingly, plaintiff's state law claims for deliberate

indifference, negligence, and intentional infliction of emotional distress are subject to summary dismissal under § 1915(e).

C.  **Motions for Appointment of Counsel and Extension of Time**

Plaintiff has also filed a Motion for Appointment of Counsel (Doc. 3) and Motion for Extension of Time to Serve Process of Summons and Complaint (Doc. 4). As this action is dismissed, plaintiff's Motions are denied as moot.

IV. Conclusion

Accordingly, for all the reasons set forth above, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[4]

IT IS SO ORDERED.

*/s/ Donald C. Nugent*
DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: November 19, 2012

---

[4] 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith."