UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ADRIAN MADDOX, | ) CASE NO. 1:12 CV 1828 |
| | ) |
| Plaintiff, | ) JUDGE DONALD C. NUGENT |
| | ) |
| v. | ) |
| | ) MEMORANDUM OF OPINION |
| CITY OF SHAKER HEIGHTS | ) & ORDER |
| OHIO., *et al.*, | ) |
| | ) |
| Defendants. | ) |

This matter is before the Court upon *pro se* plaintiff Adrian Maddox's Motion to Alter or Amend Judgment (Doc. 10) and Motion to Stay Proceedings (Doc. 11). For the following reasons, plaintiff's Motions are denied.

I.  Background

On July 17, 2012, plaintiff filed a Complaint in this Court under 42 U.S.C. § 1983 against the City of Shaker Heights, Ohio and Shaker Heights Police Officers Michael Rowe, Parker Adrine, Pat Carlozzi, and Steven Selby. In the Complaint, plaintiff claimed defendants violated his Fourth Amendment rights when they arrested him, searched his apartment, and confiscated his personal property without a warrant or probable cause. Plaintiff also claimed defendants violated his due process rights when they (1) coerced him into pleading guilty to various misdemeanor offenses by threatening to withhold his confiscated property, (2) held his property until after he was incarcerated

1

and then gave him a deadline to retrieve his belongings, and (3) towed his car "which was legally parked off his property and had no criminal liability." (Doc. 1 at 14).

In support of his claims, plaintiff attached to his Complaint a letter from Shaker Heights Police Chief D. Scott Lee dated August 9, 2011 which responded to a formal complaint filed by plaintiff regarding the search of his apartment. (Doc. 1-1). This letter indicated defendant Rowe had investigated plaintiff's complaint and found that the search of his apartment "was thoroughly documented and that the search warrant served and the search conducted at your apartment were lawful." (Doc. 1-1). Chief Lee further noted that "the search warrant was reviewed by the City's Prosecutor before being signed by a judge." (Doc. 1-1).

In an Opinion & Order dated November 20, 2012, this Court dismissed the Complaint pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted. (Doc. 6). In its Opinion, the Court dismissed plaintiff's Fourth Amendment claim based on his warrantless arrest on the grounds that plaintiff had failed to set forth any factual allegations to support his claim that defendants lacked probable cause to arrest him. (Doc. 6 at 11). The Court also dismissed plaintiff's Fourth Amendment claims based on the search of his apartment and seizure of his property. With respect to these claims, the Court first noted that "[t]he documents attached to the Complaint . . . indicate defendants obtained a search warrant authorizing the December 30, 2010 search of plaintiff's apartment and that this warrant was reviewed by the City prosecutor and authorized by a Judge." (Doc. 6 at 7). The Court then concluded that plaintiff failed to provide any factual allegations to support his assertion that defendants lacked probable cause to either search his apartment or seize his property. (Doc. 6 at 8-9).

With regard to plaintiff's due process claims, the Court dismissed plaintiff's procedural due

2

process claim regarding the seizure of his property on the grounds that plaintiff had failed to plead that available state remedies would not be adequate to redress the deprivation of his property. (Doc. 6 at 13). The Court also rejected plaintiff's substantive due process claims, finding there were no facts presented in the Complaint to suggest that defendants' actions either "shocked the conscience" or were "unreasonable, arbitrary, [or] cause[d] a deprivation of a substantive right specified in the Constitution or a federal statute." (Doc. 6 at 13-14). Based on the above, the Court dismissed plaintiff's action without prejudice pursuant to 28 U.S.C. § 1915(e) and certified, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal could not be taken in good faith.

Plaintiff subsequently filed a Motion to Alter or Amend Judgment (Doc. 10) and Motion to Stay Proceedings (Doc. 11). It is these Motions that are currently before the Court.

## II. Analysis

In his Motion to Alter or Amend Judgment (Doc. 10), plaintiff claims generally that the Court failed to liberally construe his *pro se* Complaint. Plaintiff also argues the Court misunderstood the reference to a search warrant contained in the August 9, 2011 letter attached to his Complaint. Relying on documentation not previously provided to this Court, plaintiff now asserts defendants did not actually obtain the search warrant until after plaintiff had already been arrested. Specifically, plaintiff attaches to his Motion an "Affidavit for Search Warrant" dated December 30, 2010 and signed by defendant Adrine. (Doc. 10-2). In this Affidavit, defendant Adrine avers that Shaker Heights Police obtained security surveillance video footage that captured the commission of the December 27, 2010 break-in of a store on Larchmere Road in Shaker Heights. Defendant Adrine avers that plaintiff can be seen in this surveillance video committing the Larchmere Road break-in. Defendant states that, after viewing this video, Shaker Heights police officers went to plaintiff's

3

apartment to arrest him. The officers encountered plaintiff at his apartment and "inquired if there were any other individuals within the apartment." (Doc. 10-2 at 8). When plaintiff "looked over his right shoulder and refused to answer if someone was in his apartment," officers conducted a protective sweep of plaintiff's residence. (Doc. 10-2 at 8).

Defendant Adrine further avers that, while conducting this protective sweep, officers noticed a black duffle bag, a coat, and boots, which defendants believed constituted evidence of the Larchmere Road break-in. (Doc. 10-2 at 8-9). The officers then secured plaintiff's residence "until a determination is made by a judge pertaining to this search warrant and affidavit for the search warrant." (Doc. 10-2 at 10). Defendant Adrine's Affidavit is signed by a Cuyahoga County Court of Common Pleas Judge and dated December 30, 2010. (Doc. 10-2 at 10). It appears from this Affidavit that defendants returned to plaintiff's apartment after obtaining the search warrant and conducted a full search of plaintiff's premises at that time.

Based on the above, plaintiff argues this Court should now reconsider its judgment dismissing his Complaint.

Federal Rule of Civil Procedure 59(e) allows district courts to alter, amend, or vacate a prior judgment. *See* Fed. R. Civ. Proc. 59(e); *Huff v. Metropolitan Life Insur. Co.*, 675 F.2d 119, 122 (6th Cir. 1982). The purpose of Rule 59(e) is "to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (quoting *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988)). It permits district courts to amend judgments where there is: "(1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005).

The Sixth Circuit has explained that "Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment." *Howard*, 533 F.3d at 475. *See also Roger Miller Music, Inc. v. Sony/ATV Publ'g, LLC*, 477 F.3d 383, 395 (6th Cir. 2007); *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1988). Indeed, "Rule 59(e) allows for reconsideration; it does not permit parties to effectively 're-argue a case.'" *Howard*, 533 F.3d at 475 (quoting *Sault Ste. Marie Tribe*, 146 F.3d at 374). The grant or denial of a Rule 59(e) motion is within the informed discretion of the district court. *Huff*, 675 F.2d at 122; 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810 -1, at 124 (2d ed. 1995).

Plaintiff's Motion to Alter or Amend Judgment is denied. Plaintiff does not identify any clear error of law, newly discovered evidence, or intervening change in controlling law that would warrant reconsideration under Rule 59(e). Rather, plaintiff's Motion is nothing more than an attempt to re-argue his case based on factual allegations and documents that were not presented in or attached to his Complaint. Plaintiff offers no reason why these allegations could not have been presented previously. As set forth above, Rule 59(e) motions cannot be used to present new arguments that could have been raised prior to judgment. *Howard*, 533 F.3d at 475. Plaintiff's Motion to Alter or Amend Judgment is denied.[1]

Plaintiff's Motion to Stay Proceedings (Doc. 11) is denied as well. In light of the Court's denial of plaintiff's Motion to Alter or Amend Judgment, plaintiff's Motion to Stay is moot.

---

[1] Moreover, the fact that the search warrant at issue was obtained as a result of the defendants' protective sweep of plaintiff's apartment does not change this Court's analysis of plaintiff's Fourth Amendment claims. Plaintiff still fails to set forth factual allegations suggesting defendants lacked probable cause for either his arrest, the search of his apartment, or the seizure of his property. If anything, the Affidavit attached to plaintiff's Motion undercuts his claims.

5

## III. Conclusion

Accordingly, and for all the reasons set forth above, plaintiff's Motion to Alter or Amend Judgment (Doc. 10) and Motion to Stay Proceedings (Doc. 11) are denied.

IT IS SO ORDERED.

*/s/ Donald C. Nugent 1/9/13*
DONALD C. NUGENT
UNITED STATES DISTRICT COURT