IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ADRIAN D. MADDOX, | ) | CASE NO. 1:12 CV 1828 |
| | ) | |
| Plaintiff, | ) | JUDGE DONALD C. NUGENT |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| CIT OF SHAKER HEIGHTS, OHIO, *et al.*, | ) | |
| | ) | **ORDER AND REPORT** |
| Defendants. | ) | **& RECOMMENDATION** |

This is a Section 1983 matter, together with related state law claims, concerning a warrantless search and arrest.[1] Before me by referral are motions by *pro se* plaintiff Adrian Maddox to amend his complaint[2] and for reconsideration of prior denials of earlier motions for appointment of counsel.[3]

Procedurally, this matter was initially filed in July, 2012,[4] along with a motion for the appointment of counsel.[5] The district court thereupon *sua sponte* dismissed the case in its entirety for failing to state a claim for relief, further concluding that such a dismissal compelled the denial as moot of the motion for appointment of counsel.[6] Following

---

[1] ECF # 1.

[2] ECF # 23.

[3] ECF # 35.

[4] ECF # 1.

[5] ECF # 3.

[6] ECF # 6.

Maddox's appeal of that dismissal,[7] the Sixth Circuit reinstated Maddox's case,[8] and Maddox then filed another motion for appointment of counsel,[9] which the district court denied.[10] Maddox thereupon filed the present amended complaint[11] as well as the present motion to reconsider the denial of his request for appointment of counsel.[12] The defendants have as of yet neither answered the amended complaint[13] nor responded to the motion for counsel.

As concerns Maddox's motion to amend his complaint,[14] Rule 15(a)(1)(B) provides that a party may amend a complaint as a matter of course and without leave of court when the amendment is submitted prior to the filing of an answer. Because the present amendment was submitted prior to the filing of an answer, Maddox is entitled to file the amendment. Thus, the amended complaint is ordered filed and the motion to amend is denied as moot.

As concerns the motion to reconsider, I note that it is well-established that although *pro se* civil litigants have no right to the appointment of counsel, courts retain the discretion

---

[7] ECF # 15.

[8] ECF # 21.

[9] ECF # 24.

[10] ECF # 25.

[11] ECF # 32.

[12] ECF # 35.

[13] By marginal entry order issued October 29, 2013, the defendants' answer is due November 27, 2013.

[14] ECF # 23.

to appoint counsel in "exceptional circumstances."[15] In that regard, "[w]hen evaluating whether appointment of counsel is warranted, courts generally examine the nature of the case, the plaintiff's ability to prosecute the case in a pro se capacity and the 'complexity of the factual and legal issues involved.'"[16]

Here, the remand from the Sixth Circuit identified federal law issues that remained concerning whether exigent circumstances existed as would justify the warrantless search and whether the police conduct violated due process.[17] Moreover, the remand directed reconsideration of whether the district court should accept supplemental jurisdiction over the state law claims.[18]

That said, however, I note that Maddox was fully successful in maintaining his appeal to the Sixth Circuit as a *pro se* litigant. Further, I observe that the present motion for reconsideration does not raise any issues or arguments that differ from the grounds rejected by the district court after it had received the remand. In that regard, I note that although courts possess the discretionary power to review and revise any interlocutory order prior to the entry of final judgment, such revisions are generally not justified in the absence of: (1) an intervening change in the controlling law, (2) new evidence, or (3) a need to correct a clear

---

[15] *Shavers v. Burgh*, 516 F. App'x 568, 571 (6th Cir. 2013) (quoting *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993)).

[16] *Id.*

[17] ECF # 21.

[18] *Id.*

error or prevent manifest injustice.[19] But, "motions for reconsideration should not be used to re-litigate issues previously considered."[20]

Thus, inasmuch as this motion to reconsider does not seek to do more than re-litigate an issue previously raised and denied on the same facts and arguments, and seeks to do so as regards an order issued by the district court prior to referral, I recommend that the motion to reconsider be denied.

Thus, I order that the motion to file an amended complaint as specified in ECF # 32 be granted as within the scope of Rule 15 and the present referral. I also recommend that the motion to reconsider the denial of the motion for appointment of counsel be denied.

Dated: November 19, 2013             s/ William H. Baughman, Jr.
                                     United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[21]

---

[19] *Gerber v. Riordan*, No. 3:06-CV-1525, 2012 WL 366543, at *10 (N.D. Ohio Jan. 31, 2012) (citations omitted).

[20] *Id*. (quoting *American Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003)).

[21] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).